**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KAREN DEGROFF,**

                **Plaintiff,**　　　　　1:12-cv-182
　　　　　　　　　　　　　　　　　　　　　　　(GLS)
           **v.**

**COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Peter M. Margolius<br>7 Howard Street<br>Catskill, NY 12414 | PETER M. MARGOLIUS, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | VERNON NORWOOD<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Karen DeGroff challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering DeGroff's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. Background

On May 7, 2008, DeGroff filed an application for DIB and SSI under the Social Security Act ("the Act"), alleging disability since January 1, 2000. (*See* Tr.[1] at 17, 79-80.) After her application was denied, DeGroff requested a hearing before an Administrative Law Judge (ALJ), which was held on July 16, 2010. (*See id.* at 41-78, 90.) On July 22, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-3, 17-25.)

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 8.)

DeGroff commenced the present action by filing a Complaint on January 26, 2012, wherein she sought review of the Commissioner's determination. (*See* Compl. ¶¶ 1-4.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 10, 11.)

### III. <u>Contentions</u>

DeGroff contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.[2] Specifically, DeGroff claims the ALJ: (1) improperly determined her residual functional capacity (RFC); and (2) relied on an incomplete hypothetical. (*See* Dkt. No. 10 at 1, 3-5.) The Commissioner counters that substantial evidence supports the ALJ's decision. (*See generally* Dkt. No. 11.)

### IV. <u>Facts</u>

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 10 at 1-2; Dkt. No. 11 at 1-8.)

---

[2] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion[4]

### A. RFC Assessment

DeGroff argues that the ALJ rendered an improper RFC[5] because he

---

[3] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical. As such, parallel citations to the Regulations governing SSI are omitted.

[4] In addition to being devoid of citations to any statutes, regulations or case law, DeGroff's arguments are disjointed. (*See* Dkt. No. 10 at 3-5.) For example, her first argument claims that substantial evidence does not support the ALJ's RFC assessment, but the discussion that follows makes no mention of any error with respect to the evidence the ALJ relied on. (*See id.* at 3-4.) Rather, DeGroff appears to challenge the ALJ's ultimate disability determination. (*See id.*) Her second contention is similarly ambiguous. (*See id.* at 4-5.) As such, the court will construe DeGroff's arguments liberally, and, where possible, discuss the claims she raises.

[5] A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC,

4

should have found that she was unable to sustain gainful employment. (*See* Dkt. No. 10 at 3-4.) The Commissioner, and the court, disagree. (*See* Dkt. No. 11 at 11-16.)

The "ultimate finding of whether a claimant is disabled and cannot work . . . [is] reserved to the Commissioner." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks and citation omitted). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability." *Id.* Here, DeGroff makes no mention of any deficiencies in the medical evidence or the ALJ's treatment of it. (*See* Dkt. No. 10 at 3-4.) Instead, she argues that based on that evidence—particularly the opinions of Dr. David Stang, medical consultant T. Harding, and the providers at Good Samaritan Hospital—that the ALJ should have found that she is unable to perform substantial gainful activity. (*See id.*) Besides being unqualified to make such a determination, none of these providers actually opine that DeGroff is unable to work. (*See* Tr. at

---

an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. See 42 U.S.C. § 405(g).

5

239, 257, 305.)  Simply put, this argument is without merit.  It follows that the ALJ's RFC assessment is affirmed because it was arrived at using the proper legal standards and is supported by substantial evidence.

## B. <u>Vocational Expert</u>

DeGroff's second argument—that the ALJ failed to explain why he adopted the first of four hypothetical questions—is also without merit.  (*See* Dkt. No. 10 at 5.)  Despite the fact that the court is unaware of any regulation that requires the ALJ to explain why he chose a particular hypothetical, it is clear why the ALJ selected the first question here.  (*See* Tr. at 24.)  That question, unlike the others, is consistent with his RFC determination.  (*Compare id.* at 70-71, *with id.* at 21.)  While questions two, three and four are all close, they assume limitations that the ALJ did not incorporate into the RFC.  (*Compare id.* at 73-75, *with id.* at 21.)  Because the court has already found that the RFC was supported by substantial evidence, it suffices to say that DeGroff's argument is untenable.

## C. <u>Remaining Findings and Conclusions</u>

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and DeGroff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 21, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court